IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR037/1:15CV01739 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMONE CLEMENTS, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court on a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant-Petitioner Raymone Clements (hereafter "Petitioner"). (ECF #74 in Case No. 1:13CR037). For the reasons set forth below, Petitioner's Motion is DENIED.

Factual and Procedural History

The recitation of facts set forth in the Government's Response in Opposition to Defendant's Motion to Vacate Sentence (ECF #82) accurately reflects the evidence presented during Petitioner's jury trial and sentencing. They are, therefore, adopted by this Court as if rewritten, herein.

This matter stems from an investigation conducted by the Cleveland Heights Police Department (hereafter "police") in November 2012 after finding a bullmastiff tied to a tree that had been shot. The dog's owner reported that Petitioner shot the dog because it had bitten her son several times. The police knew that Petitioner had a history of several felony convictions. Pursuant to this information, police obtained a search warrant for Petitioner's apartment on 57th

Street in Cleveland, Ohio and found three bullets on the floor.  Federal prosecutors indicted Petitioner for being a felon in possession of ammunition and issued a warrant for his arrest on January 16, 2013.

The following day, Federal agents spotted Petitioner's vehicle parked outside of a house on Nursery Avenue.  Agents arrested Petitioner when he exited the residence.  During a search of this home, agents found a .22-caliber pistol and miscellaneous items addressed to or belonging to Petitioner.  A second count was added to the indictment charging Petitioner as a felon in possession of a gun.

On February 13, 2013, a federal grand jury returned an indictment charging Petitioner with being a felon in possession of ammunition (Count I) and a firearm (Count II) in violation of 18 U.S.C. §922(g)(1).  A jury trial began on April 1, 2013 and the jury returned a guilty verdict on both Counts on April 4, 2013.  On July 8, 2013, this Court sentenced Petitioner to 275 months imprisonment on both Counts to run concurrently; 3 years supervised release and a special assessment of $200.00.[1]  This Court entered its final judgment on July 18, 2013.

Petitioner filed an appeal on July 22, 2013, claiming that this Court (1) admitted impermissible character evidence, (2) admitted impermissible hearsay, (3) erroneously denied oral argument on his motion for acquittal, (4) committed cumulative error, and (5) imposed an unreasonable sentence.  The Sixth Circuit Court of Appeals rejected these arguments and affirmed this Court's ruling as to Petitioner's conviction and sentence. *See U.S. v. Clements*, 590 Fed.Appx.446 (6th Cir. Oct. 24, 2014).

---

[1] The conviction triggered the Armed Career Criminal Act (ACCA) and its fifteen-year mandatory minimum sentence. *See* 18 U.S.C. §924(e).

Law and Analysis

On August 27, 2015, Petitioner filed a Motion to Vacate, Set Aside, or Correct (hereafter referred to as the "Section 2255 motion") his sentence of 275 months. (ECF #74). Petitioner sets forth twelve grounds for relief based upon ineffective assistance of counsel:

1. Failure to conduct adequate investigation;

2. Failure to challenge/object to any of the Government evidence;

3. Failure to properly move and argue for exclusion of and object to unduly prejudicial evidence;

4. Failure to object to prejudicial hearsay evidence;

5. Failure to properly cross-examine witnesses;

6. Ineffective counsel/denial of right not to testify at trial;

7. Failure to call witnesses and present favorable evidence in defense of movant;

8. Failure to request special verdict form;

9. Failure to request certain jury instructions and failure to object to the trial court's instructions as given:

10. Failure to properly argue Rule 29 Motion or preserve issue for appellate review;

11. Failure to present movant with P.S.I. (Pre-sentencing investigation) report before sentencing; and

12. Accumulated ineffective assistance of counsel and errors.
    (ECF #74, pp. 13-28).

On October 9, 2015, the Government filed its response to the Petitioner's 2255 motion, arguing that Petitioner has not proven that his counsel's performance during trial was seriously deficient and that such deficiency prejudiced his defense.  (ECF #82 at p. 12.)  This Court has thoroughly reviewed all information relative to Petitioner's Motion and the Government's

-3-

Response, and based upon this review, this Court find that Petitioner is not entitled to relief under 28 U.S.C. §2255.

## Discussion

Title 28 U.S.C. §2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner is arguing that his counsel, Attorney Teddy Sliwinski, failed to adequately defend him during the jury trial which resulted in a guilty verdict and a prison sentence of 275 months. Petitioner then asks this Court to grant the following relief: "appoint counsel, new trial, resentence." (ECF #74, p. 13).

In order to establish a claim for ineffective assistance of counsel, the Supreme Court has established the following two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results are reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Furthermore, judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689; *see also, McDowell v. United States*, No. 5:10 CR 189, 2012 WL 3061514, at *5 (N.D. Ohio

July 26, 2012).  In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688.  In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States,* 675 F.3d 553, 563 (6th Cir. 2012)(*quoting Strickland*, 466 U.S. at 694).

The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(*quoting Strickland,* 466 U.S. at 688).

In this case, Petitioner lists twelve ways that his counsel was constitutionally ineffective, but these claims can be condensed into four categories: pretrial issues, evidentiary issues during the trial, non-evidentiary issues and cumulative ineffective assistance of counsel arguments.  Some of these arguments were specifically addressed and rejected by the Sixth Circuit, as outlined in their opinion in *United States v. Clements*, 590 Fed.Appx.446 (6th Cir. Oct. 24, 2014).  Petitioner has offered nothing more than speculation and conjecture in support of his claim of ineffective assistance of counsel, and the law is clear that such a basis is "patently insufficient" to support a petition for *habeas corpus.  See, e.g.*, *Barry v. United States*, 528 F.3d 1094, 1101 (7th Cir. 1976); *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003); *United States v. Allison*, 59 f.3d 43, 47 (6th Cir. 1995).  Each Ground will be addressed herein.

I.      <u>Pre-Trial Issues - Ground One</u>

Petitioner claims that his counsel failed to adequately investigate the underlying facts of the criminal case prior to commencement of trial, i.e. visit the "various crime scenes" and interview witnesses.  (ECF #74, p. 13).  Petitioner fails to develop this argument in any meaningful way or indicate how counsel's alleged actions (or inactions) prejudiced his defense.  The Sixth Circuit noted in its opinion that the government introduced a great deal of unquestionably legitimate evidence that tended to show that Petitioner "ha[d] dominion over the premises where the [ammunition or firearm was] located." *Clements*, 590 Fed. Appx. at 449.  Petitioner has not shown that had counsel visited the various crime scenes, the resulting guilty verdict and sentence would have been different. *See Weinberger v. United States*, 268 F.3d 346, 352 (6th Cir. 2001)(*citing Strickland,* 466 U.S. at 694).  Petitioner has not met his burden of proving that his counsel's alleged failure to investigate the facts of the case rise to the level of ineffective assistance of counsel.

II.     Evidentiary Issues - Grounds Two-Seven and Ten

Petitioner sets forth eight Grounds alleging that during the jury trial, his counsel was ineffective when making decisions about whether certain evidence or testimony should be presented to the jury.  In Grounds Two and Three, Petitioner claims that counsel failed to object "to any of the evidence presented by the Government" or to exclude "inflammatory and unduly prejudicial evidence" relating to the dog shooting incident. (ECF #74, pp. 14-15).  The Sixth Circuit reviewed these arguments on appeal and found that such evidence was properly admitted, stating:

> "...the dog shooting was relevant to the case.  Not only did it provide context to the warrant issued to search the 57th Street apartment, but it also connected [Petitioner] to the Nursery Avenue house. ... [Therefore,] it is reasonable to assume that some evidence about the dog shooting would have come in, no

matter what [Petitioner's] counsel had done." *Clements,* 590 Fed.Appx. at 449.

The court went on to state:

"both parties put this evidence into context during closing arguments. They both explained that the dispositive issue in the case was not whether [Petitioner] had shot the dog. In light of this qualification and all of this evidence, it is difficult to say that any error affected [Petitioner's] 'substantial rights' and 'seriously affect[ed] the fairness, integrity or public reputation' of the proceeding." *Id*. at 450(*citing Puckett v. United States*, 556 U.S. 129, 135 (2009).

Therefore, based upon the record before the Court and the reasoning set forth in the Sixth Circuit opinion, there is no basis for Grounds Two and Three of Petitioner's Motion.

In Ground Four, Petitioner argues that his counsel failed to object to prejudicial hearsay testimony provided by two federal agents at trial. These agents testified that Betty Williams told them she was visiting or living with Petitioner at the Nursery Avenue house. (See, e.g. ECF #57, p. 254 (trial testimony of Agent Honaker). The Sixth Circuit decided that not only had Petitioner forfeited his challenges to these statements, but that "considerable other evidence shows that [Petitioner] possessed the firearm and ammunition. That is true with or without Betty's statements." *Clements, 590 Fed.Appx.* at *450. This Court agrees that any error in allowing the Agents' testimony in this regard "did not affect [Petitioner's] substantial rights." *Id*. That being said, Petitioner has not proven that counsel was deficient in allowing this testimony, and has therefore not proven that counsel was ineffective as it relates to this testimony.

Grounds Five, Six and Seven were not specifically addressed on appeal as they relate to counsel's litigation tactics and trial strategy. Petitioner makes vague statements regarding counsel's "failure to properly cross-examine witnesses" and "failure to call witnesses and present favorable evidence" in his defense. These statements are not supported by any reference to the

record - in fact, the record shows that counsel cross-examined every witness at trial[2] and that both parties attempted to subpoena the witness Petitioner claims should have testified. Regardless, it is well-established that counsel is presumed to have utilized a sound, reasonable trial strategy while defending Petitioner. *See, Thomas v. Lecureux*, 8 Fed.Appx. 461 (6th Cir. 2001)(*citing Strickland*, 466 U.S. at 689). Absent any evidence to the contrary, Petitioner's claims as to Grounds Five and Seven are unpersuasive.

Petitioner's argument in Ground Six that counsel put him on the stand "even though [Petitioner] did not wish to testify" because it would open the door to his criminal background is clearly contradicted by the record. (ECF #74, p. 19). This Court went to great lengths to ensure that counsel and Petitioner knew that he did not have to testify, but that if he did, his extensive criminal history would be discussed. (See ECF #58, pp. 56-57). The record reflects that Petitioner testified in full detail about his criminal history without hesitation, and even volunteered to the jury that he plead guilty to the crimes because "[m]ost of them I was really guilty for." (*Id*. at p.74). Petitioner was made aware of his rights before testifying and has not proven that his counsel was deficient or ineffective in this regard.

Petitioner argues in Ground Ten that counsel failed to preserve a Rule 29 Motion for Acquittal- an argument that was rejected by the appellate court. The Sixth Circuit found that such Motion was presented to the Court after the government rested, and that it was properly overruled because this Court found that "there is evidence on every count" that "if believed...could prove the defendant's guilt beyond a reasonable doubt." *Clements*, 590 Fed.Appx. at 450. Although counsel

---

[2] See ECF #86, p. 16, fn 2 (listing the cross-examination of each witness by Petitioner's counsel during trial).

did not renew his Rule 29 motion at the close of defendant's case, the appellate court found that any such error would be harmless because "the record contains ample evidence in support of [Petitioner's] conviction for the gun at Nursery Avenue and the ammunition at 57th Street." *Id.* at 451.  Therefore, this Court finds that Petitioner's claim in Ground Ten is without merit.

III.    Non-Evidentiary Issues - Grounds Eight, Nine and Eleven

In Ground Eight and Nine, Petitioner argues that "275 months was way more time than necessary" and that any factor used to enhance his sentence should have been charged in the indictment and determined by the jury through a special verdict form and instructions.  While there are some circumstances where this can be true, in this case, the Court correctly treated the prior convictions under the ACCA as sentence enhancements, not offense elements. *See United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012)(*citing Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  Furthermore, the appellate court upheld this sentence, finding that "a within-guidelines sentence receives a presumption of reasonableness" and that "the length of [Petitioner's] criminal past deserved the attention it received." *Clements*, 590 Fed.Appx. at 451.  Therefore, Petitioner has not shown that different verdict forms or jury instructions would have altered the outcome of the trial or his sentence.

In Ground Eleven, Petitioner argues that his counsel "failed to show" him the Pre-Sentencing Report ("PSR") but then states that he "was allowed to look at the report and come back to Court on another date but could not object because the time had passed.." (ECF #74, p. 25). In fact, the record clearly indicates that when Petitioner first told the Court that he did not have a chance to review the PSR, this Court rescheduled the hearing. (ECF #59, p. 2).  During the second sentencing hearing, on July 8, 2013, Petitioner was specifically asked by this Court: "Mr.

Clements...you've had an opportunity to review the presentence report now?"  Petitioner responded: "[y]es, I had an opportunity to go over it.  Yes." (*Id*.).  The record also reflects that Petitioner's counsel timely filed a 12-page sentencing memorandum prior to the sentencing hearing and that counsel specifically challenged the application of the ACCA during the hearing.  Therefore, Petitioner had time to review the PSR and his counsel was able to, and did, object to portions of the PSR.   There is nothing in the record to suggest, let alone prove, that Petitioner's counsel was deficient or in any way affected Petitioner's substantive rights relating to his sentencing.  Therefore, Petitioner does not prevail on Ground Eleven.

IV.     "Accumulated Ineffective Assistance of Counsel and Error" - Ground Twelve

Petitioner argues that even if each of the aforementioned alleged errors were harmless on their own, the combined effect of them made his trial fundamentally unfair. *See United States v. Adams*, 722 F.3d 788, 832 (6th Cir.2013).  The Sixth Circuit has held that "where no individual ruling has been shown to be erroneous, there is no 'error' to consider, and the cumulative error doctrine does not warrant reversal." *U.S. v. Fields*, 763 F.3d 443 (6th Cir.2014)(citation omitted).  In this case, the Sixth Circuit reviewed Petitioner's appellate arguments and found that no error occurred during the trial or sentencing phase of Petitioner's case.  This Court, in reviewing the arguments Petitioner sets forth against his counsel, similarly finds no substantive errors have occurred.  Therefore, since the accumulation of non-errors cannot establish constitutionally ineffective assistance of counsel, Petitioner's argument fails. *See United States v. Robson*, 307 F.Appx. 907 (6th Cir.2009)(*citing Campbell v. United States*, 364 F.3d 727, 736 (6th Cir.2004).

Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253(c) provides, in part, as follows:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, this Court concludes that no reasonable jurist would find the assessment of Petitioners's Constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 is DENIED. A hearing on this Motion is not required because the Petitioner's Motion, as well as the facts and evidence presented at trial, conclusively show that Petitioner is not entitled to such relief. *See* 28 U.S.C. § 2255; *See also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not taken in good faith, and there is no basis upon which to issue a certification of appealability. 28 U.S.C. §2255(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

        /s/ Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED: November 16, 2015